NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

July 18, 2019

Marilyn English
97 Pease Avenue
Verona, NJ 07044
*Pro Se Plaintiff*

Jason R. Lipkin, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
*Counsel for Defendants Bank of America Corporation & Brian T. Moynihan*

Ryan E. Borneman, Esq.
Sarah F. Stewart, Esq.
Duane Morris LLP
1037 Raymond Boulevard, Suite 1800
Newark, NJ 07102
*Counsel for Defendants Federal Home Loan Mortgage Corporation, Kevin Clay & Dean Meyer*

Brian Yoder, Esq.
Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
*Counsel for Defendant Sonya Chazin*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

  Re: **English v. Moynihan, et al.**
     **Civil Action No. 19-9181 (SDW) (SCM)**

Litigants:

  Before this Court are: 1) Bank of America Corporation ("BOA"); 2) Federal Home Loan Mortgage Corporation ("Freddie Mac"), Kevin Clay, and Dean Meyer (collectively, "Freddie Mac Defendants"); 3) Brian T. Moynihan ("Moynihan"); and 4) Sonya Chazin's ("Chazin") (collectively, "Defendants") Motions to Dismiss *pro se* Plaintiff Marilyn English's ("English" or

"Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grants Defendants' motions with prejudice.

**DISCUSSION**

A. Standard of Review

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B. Plaintiff is Precluded from Relitigating These Claims

This Court writes only for the parties and assumes their familiarity with the extensive procedural and factual history of this matter. In 1988, Plaintiff purchased a home in Verona, NJ ("the Property") and subsequently took out loans and executed a note to finance the purchase. *English v. Fed. Nat'l Morg. Assoc.*, Civ. No. 13-2028, 2017 WL 1084515, at * 1 (D.N.J. Mar. 21, 2017).[2] In February 2013, Plaintiff filed suit in the Superior Court of New Jersey against Federal National Mortgage Association ("Fannie Mae"), Freddie Mac, and Bank of America, N.A. ("BANA") (collectively, "2013 Defendants") seeking to quiet title to the Property and alleging that defendants had defrauded her ("2013 Lawsuit"). *Id.*; *see also* D.E. 17-2 Ex. 1-3. The 2013 Defendants removed to this Court. *English*, 2017 WL 1084515 at *1. On March 21, 2017, after years of protracted litigation, Judge Claire C. Cecchi dismissed the 2013 Lawsuit, holding that Plaintiff failed to state a claim against Freddie Mac, did not have standing to "assert claims for declaratory relief, fraud, or quiet title based on the assignment of the" mortgage at issue, and failed "to state a cognizable claim" for fraud. *Id.* at *2-3. Judge Cecchi denied Plaintiff's motion for

---

[1] Moynihan moves to dismiss for lack of personal jurisdiction, insufficient service of process, and failure to state a claim. (*See* D.E. 13.)

[2] The note was ultimately assigned to the Federal National Mortgage Association ("Fannie Mae"). Via assignment and merger, Bank of America, N.A. became the holder of the underlying mortgage and servicer of the loan. *English*, 2017 WL 1084515 at * 1.

reconsideration, and on appeal, the United States Court of Appeals for the Third Circuit affirmed. *See English v. Fed. Nat'l Mortg. Assoc.*, 752 F. App'x 148 (3d Cir. 2019).

On April 2, 2019, Plaintiff again filed suit in this Court, raising the same issues litigated in the 2013 Lawsuit. (*See generally* D.E. 1.) Specifically, Plaintiff asserts claims for "Fraud on a Mortgage Note, False Discharge of a Federal Mortgage Document, Fraudulent Concealment, Fraud Upon the Court, Violation of the Truth in Lending Act . . ., and Violation of the Real Estate Settlement Procedures Act . . . ." (*Id.* at 2.) Defendants filed the instant motions to dismiss and the motions were fully briefed as of June 10, 2019.[3] (D.E. 17-1, 20, 22, 23, 34, 26, 29.)[4]

"Res judicata, or claim preclusion, bars a party from pursuing a second suit against the same adversary based on the same cause of action." *DVL, Inc. v. Congoleum Corp.*, Civ. No. 17-4261, 2018 WL 4027031, at *5 (D.N.J. Aug. 23, 2018); *see also In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).[5] The doctrine of collateral estoppel, or issue preclusion, similarly attempts to promote judicial efficiency by preventing "a party from relitigating issues that were adjudicated in a prior lawsuit." *Ali v. Univ. Corr. Health Care*, Civ. No. 17-1285, 2018 WL 3158811, at *2 (D.N.J. June 28, 2018); *see also Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979); *In re Docteroff*, 133 F.3d 210, 214 (3d Cir. 1997). "[A] party seeking to invoke the doctrine of collateral estoppel must demonstrate that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding." *Ali,* 2018 WL 3158811 at *3.

Here, Plaintiff again alleges that Defendants acted fraudulently with regard to the loan and note she executed to finance the purchase of her home. (*See generally* D.E. 1.) These allegations are the same as those raised in the 2013 Lawsuit. During those proceedings, Plaintiff amended her complaint multiple times and the Court ruled on multiple motions to dismiss and reconsider. Judge Cecchi issued a final judgment on the merits granting the 2013 Defendants' motions to dismiss Plaintiff's Third Amended Complaint. Questions of fraud were essential to the prior judgment and the parties in the instant suit are the same or are in privity with the 2013 Defendants.[6] As a result, Plaintiff's claims are barred and Defendants' motions to dismiss will be granted.

---

[3] The assertions of corruption and baseless attacks on members of this Court contained in Plaintiff's briefing papers will not be tolerated. (*See, e.g.,* D.E. 22 at 6.) Plaintiff's disagreement with rulings are properly handled through the appellate process. Plaintiff is cautioned that further inappropriate allegations may result in sanctions.

[4] Plaintiff's sur-replies, (D.E. 30, 33, 34), which were filed without leave of the Court in violation of Local Civil Rule 7.1(d)(6), were not considered.

[5] "A party seeking to invoke res judicata must establish three elements: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *McLaughlin v. Bd. of Tr. of Nat'l Elevator Indus. Health Benefit Plan*, 686 F. App'x 118, 121 (3d Cir. 2017) (citing *Mullarkey*, 536 F.3d at 225).

[6] Plaintiff named Bank of America, N.A. in the 2013 Lawsuit and Bank of America Corporation in the instant case, but this Court deems them to be the same entity. Moynihan, as an employee of BOA, is in privity with that entity. Freddie Mac is named in both suits, and Clay and Meyer are employees of that entity and therefore, in privity with it. Chazin was counsel for Freddie Mac in the 2013 Lawsuit and, again, in privity with that entity.

**CONCLUSION**

Defendants' Motions to Dismiss the Complaint is **GRANTED with prejudice**.  An appropriate order follows.

                                                  ___/s/ Susan D. Wigenton_____
                                                  **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Steven C. Mannion, U.S.M.J.